*Friday, March 5, 1993*

## MISCELLANEOUS DOCKET

**92–1972.** In re Kushner. Philip Seth Kushner, Attorney Registration Number 0043858, was admitted to the practice of law in Ohio without examination on March 28, 1990, pursuant to Gov.Bar R. I(8). Gov.Bar R. I(8)(H) provides that if an attorney admitted to the practice of law without examination on or after January 1, 1989, subsequently ceases to actively engage in the practice of law in Ohio on a continuing basis, the court may revoke that attorney's license.

It came to the attention of the court that Philip Seth Kushner registered for "inactive" status pursuant to Gov.Bar R. VI for both the 1989–1991 and 1991–1993 bienniums. As provided in Gov.Bar R. VI(2), an inactive attorney shall not be entitled to practice law in Ohio until such time as he requests and is granted reinstatement to active status.

On October 6, 1992, this court issued an order ordering Philip Seth Kushner to show cause on or before October 26, 1992, why his license to practice law in Ohio should not be revoked by the court pursuant to Gov.Bar R. I(8)(H). On October 28, 1992, Philip Seth Kushner filed a response to this show cause order wherein he requested that his license not be revoked, or, in the alternative, that he be given a sixty-day extension to permit him to register for active status. On December 17, 1992, this court granted Philip Seth Kushner a sixty-day extension to register for active status and ordered that if Philip Seth Kushner had not registered for active status on or before February 15, 1993, his license to practice law in the state of Ohio would be revoked. See 65 Ohio St.3d 1474, 604 N.E.2d 166.

It now appearing to the court that on January 29, 1993, Philip Seth Kushner registered for "active" status, it is ordered, *sua sponte*, by the court, that this matter be, and hereby is, dismissed, effective March 3, 1993.

*Tuesday, March 9, 1993*

## MOTION DOCKET

**91–1675.** State v. Murphy. *Marion County*, No. 9–87–35. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States,

IT IS ORDERED that said motion be, and the same is hereby, granted, effective March 5, 1993.

IT IS FURTHER ORDERED that the compliance with the mandate and the execution of sentence be, and the same are hereby, stayed, pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

**92–2303.** State ex rel. Ohio Academy of Nursing Homes, Inc. v. Conrad. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of respondents' motion to dismiss,

IT IS ORDERED, effective March 8, 1993, that said motion to dismiss be, and hereby is, granted, with respect to relator's third claim for relief based on contract. In all other respects, said motion to dismiss is overruled without prejudice to respondents' right to raise the defense of *res judicata* by answer or motion for summary judgment.

PFEIFER, J., would also set this cause for oral argument.